**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

JUAN RAMIREZ CHAVEZ,          )
           )
       Petitioner,          )
           )
     v.           )      Case No. 6:26-cv-03335-MBB
           )
JIM C. ARNOTT, et al.,         )
           )
       Respondents.     )

## ORDER

Petitioner Juan Ramirez Chavez petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.  He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing.  (**Doc. 1**, p. 11).  He asks the Court to order the Government to provide such a hearing or immediately release him.  (*Id.* at p. 19).  Because Petitioner's detention does not violate the Immigration and Nationality Act (the "INA"), procedural due process, substantive due process, or the Administrative Procedure Act (the "APA"), the petition is DENIED.

### Background

Petitioner entered the United States in 2024 and filed an application for asylum.  (*Id.* at pp. 1-2).  DHS recently detained Petitioner.  (*Id.* at pp. 2, 8).  He remains detained without bond under 8 U.S.C. § 1225(b)(2)(A).  (**Doc. 4**, p. 2).  On June 12, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (**Doc. 1**).  He argues that his classification under Section 1225(b)(2)(A) violates the INA and the APA.  (*Id.* at p. 18).  And he argues that his detention without bond violates procedural and substantive due process.  (*Id.* at pp. 4, 17-18).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention.  *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001).  *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention).  But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden.  His mandatory detention pending removal proceedings is not contrary to the INA, procedural due process, or substantive due process.  And his APA claim is misplaced.

I.  **Petitioner's detention does not violate the INA because he is properly detained under Section 1225(b)(2)(A).**

Section 1225(b)(2)(A) provides for mandatory detention pending removal proceedings. It says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**.  An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**.  "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026). "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does

2

not necessarily establish the other." *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021). If an alien is an "applicant for admission," he is also "seeking admission." *Avila*, 170 F.4th at 1134.

Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A). He entered the United States in 2024. He lived in the country pending removal proceedings, which are ongoing. His physical presence did not bestow lawful admission. *See Sanchez*, 593 U.S. at 415 (holding that an alien lawfully present in the United States had not been admitted). Petitioner is present in the United States without having "made lawful entry into the country." *See Avila*, 170 F.4th at 1133. He is an "applicant for admission," "seeking admission," and no immigration officer has determined that he is "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**.

## II. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See Baynee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024). *See also Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See Demore*, 538 U.S. at 531. The Court favorably cited Section 1226(c)'s limitation of detention pending removal proceedings. *Id.* at 527-29 (holding that detention pending removal proceedings is not indefinite). And in *Baynee*, the Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Baynee*, 115 F.4th at 932, *quoting Demore*, 538 U.S. at 527.

Like the statute in *Demore*, Section 1225(b)(2)(A) requires detention pending removal proceedings. Petitioner concedes that he is detained pending ongoing removal proceedings. (**Doc. 1**, pp. 1-2). Because Section 1225(b)(2)(A) requires mandatory detention of removable aliens pending removal proceedings, procedural due process requires no more. *See **Baynee***, 115 F.4th at 932.

### III. Petitioner's detention does not violate substantive due process because it does not implicate a fundamental right.

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted). Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). A petitioner must provide a "careful description of the asserted fundamental liberty interest." ***Washington v. Glucksberg***, 521 U.S. 702, 721 (1997). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See **id.*** at 728.

True, freedom from imprisonment "lies at the heart of the liberty [the due process clause] protects." ***Zadvydas***, 533 U.S. at 690. But detention during removal proceedings is "a constitutionally valid aspect of the deportation process." ***Demore***, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). That is because "Congress may make rules as to aliens that would be unacceptable if applied to citizens." ***Id.*** at 522. And "[a] wide range of discretion

4

in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country." *Carlson v. Landon*, 342 U.S. 524, 543 (1952).

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest." *See Glucksberg*, 521 U.S. at 721. His substantive due process claim fails for that reason alone. Regardless, removable aliens like Petitioner have no fundamental liberty interest in release pending deportation proceedings. Such rights are not "deeply rooted in this Nation's history and tradition." *See Minnesota Deer Farmers*, 146 F.4th at 670. "The rule has been clear for decades:" detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See Baynee*, 115 F.4th at 931-33. Such detention is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See Demore*, 538 U.S. at 528.

## IV.     Relief is not available under the APA.

The APA "provides for review of a final agency action for which there is no other adequate remedy in a court." *See Union Pac. R.R. Co. v. United States R.R. Ret. Bd.*, 162 F.4th 908, 917 (8th Cir. 2025) (internal quotation marks omitted). The "no other adequate remedy" requirement ensures "that the APA's general grant of jurisdiction to review agency decisions is not duplicative of more specific statutory procedures for judicial review." *Bangura v. Hansen*, 434 F.3d 487, 501 (6th Cir. 2006); *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."). Alien detainee claims challenging the validity of their confinement "fall within the core of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (internal quotation marks omitted) (explaining that APA claims and habeas claims follow different litigation paths).

5

Even if Petitioner challenges a final agency action, this petition provides judicial review of the Government's decision to detain him without bond.  As discussed, 28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention.  *See **Zadvydas***, 533 U.S. at 687.   So there is an "adequate remedy in court," which precludes Petitioner's APA claim.  *See **Union Pac. R.R.***, 162 F.4th at 917.  *See also **Dominguez v. Mordant***, 2026 WL 1098252, at *3 (M.D. Fla. Apr. 23, 2026) (prohibiting a petitioner from "[t]rying to shoehorn a freestanding APA challenge into a habeas petition"); ***Richmond v. Scibana***, 387 F.3d 602, 606 (7th Cir. 2004) (holding that a petition for habeas corpus may not be converted to a civil suit, which has many procedural differences).

## Conclusion

Petitioner's continued detention does not violate the INA, procedural due process, or substantive due process.  And his APA claim fails.  The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2026

6